**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SULING DONG,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-71928<br><br>Agency No. A201-058-447<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 25, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Suling Dong, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge ("IJ")'s decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA conducts its own review of the evidence and law but also expressly adopts the IJ's opinion, we review both the IJ and BIA decisions. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). "Taking the totality of the circumstances into account, we review the BIA's credibility determination for substantial evidence." *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022). "We [also] review for substantial evidence the factual findings supporting the BIA's decision that an applicant has not established eligibility for asylum, withholding of removal, or relief under CAT." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (citation omitted). Because the parties are familiar with the factual background, we need not recount it here. We deny the petition for review.

Substantial evidence supports the agency's denial of relief on the basis of an adverse credibility determination. "[T]o form the basis of an adverse credibility determination," "IJs [may] consider factors such as demeanor, candor, responsiveness, plausibility, inconsistencies, inaccuracies, and falsehoods . . . ." *Barseghyan*, 39 F.4th at 1142–43 (internal quotation marks omitted). Substantial evidence supports an IJ's finding that a noncitizen is not credible if the IJ

2

"provide[s] specific and cogent reasons" based on these factors, "provide[s] the noncitizen with an opportunity to explain each inconsistency," and then "provide[s] a specific and cogent reason for rejecting" any "explanation that is reasonable and plausible." *See id.* (internal quotation marks omitted).

Here, the IJ and BIA identified several inconsistencies in Dong's testimony, but the IJ specifically prompted Dong's counsel to address any inconsistencies in her testimony via redirect. Moreover, for many of the inconsistencies on which the IJ and BIA relied, the IJ provided Dong a specific opportunity to explain each inconsistency, and, where she so explained, the IJ gave cogent reasons for rejecting the explanations. Therefore, substantial evidence supported the IJ and BIA's findings that Dong was not credible. *See id.*

The remaining evidence in the record fails to establish Dong's individualized risk of persecution or inclusion in a group of persons against which there is a pattern or practice of persecution in China. *See Wakkary v. Holder*, 558 F.3d 1049, 1065–67 (9th Cir. 2009). Thus, in the absence of credible testimony, Dong's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

Substantial evidence supports the agency's denial of Dong's CAT claim because it was based on the same evidence found not credible, and she does not

point to any other record evidence that compels the conclusion that she will more likely than not be tortured upon return to China. *See Shrestha*, 590 F.3d at 1048–49.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION DENIED.**